IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CYRIL MARCUS STEPHENS,

    Plaintiff,

v.                                                            CASE NO. 1:12-cv-94-MP-GRJ

UNIVERSITY OF FLORIDA, et al.,

    Defendants.

_____/

# O R D E R

This matter is before the Court on Plaintiff's *pro se* Complaint. (Doc. 1.) From a review of the Complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Accordingly, Plaintiff will be given an opportunity to amend his Complaint. Plaintiff also filed a motion to proceed in forma pauperis along with the required financial affidavit. (Doc. 2.) The Court also has reviewed the financial affidavit and finds the Plaintiff is unable to pay the costs of this action pursuant to 28 U.S.C. § 1915(a) and therefore leave to proceed *in forma pauperis* is due to be granted.

## I. BACKGROUND

Plaintiff filed his complaint on the Court's Employment Discrimination Complaint Form to be used by pro se litigants in actions filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act and the Americans with Disabilities Act ("ADA"). (Doc. 1.) A fair reading of the Complaint reveals that Plaintiff is attempting to pursue a failure to hire claim under Title VII and a failure to accommodate a disability claim under the ADA.

According to the factual allegations in the Complaint, Plaintiff is employed by

Page 2 of 5

Defendant the University of Florida ("UF") as a maintenance mechanic. Plaintiff has been employed at UF since 1990. Plaintiff has autism and contends the Defendants violated his rights under the ADA and Title VII by failing to hire/transfer Plaintiff and failing to accommodate Plaintiff's disability.

Plaintiff apparently worked at the UF wastewater treatment plant from 2003 to 2004. Plaintiff alleges he was transferred to UF's water distribution staff in late 2004 by Defendant Superintendent Steve Middleton on account of Plaintiff's disability. In September 2008, UF posted an opening for an apprentice at the wastewater treatment plant. Plaintiff was urged by several of the individual Defendants to apply for the position and he did so. Despite Plaintiff's qualifications, the position was offered to another individual who had no experience or familiarity in either working with machinery/electronics or in working at a wastewater treatment plan. Concerned as to why he was not hired for the apprentice position, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff also apparently visited the UF President's office numerous times in an attempt to ask the President an unspecified question presumably related to the apprentice position. Each time Plaintiff visited the President's office, he was informed the President could not see Plaintiff. Plaintiff was eventually informed he was not permitted to enter the building containing the President's office and the UF police department issued a public bulletin stating Plaintiff had caused a disturbance at that building.

## II.  DISCUSSION

To assist Plaintiff in amending his complaint, the Court will discuss each of Plaintiff's claims below and then examine whether Plaintiff has named the proper

Defendants in this action.

### A. ADA Failure to Accommodate Claim

The ADA prohibits an employer from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). If establishing discrimination by failure to make reasonable accommodation, a plaintiff must merely show that (1) he was disabled, (2) he was otherwise qualified, and (3) a reasonable accommodation was not provided. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001). "The plaintiff bears the burden of identifying an accommodation, and of demonstrating that the accommodation allows him to perform the job's essential functions." Id. at 1255-56.

In his Complaint, Plaintiff alleges he has an autism spectrum disorder. Although autism can constitute a disability for ADA purposes, see Jacques v. DiMarzio, Inc., 386 F.3d 192, 203-04 (2d Cir. 2004), Plaintiff does not allege he asked his employer for any reasonable accommodation Plaintiff needed to perform his job as a maintenance mechanic. Accordingly, in amending his complaint, Plaintiff should discuss exactly which accommodation(s), if any, he requested from UF that were necessary for Plaintiff to be able to perform his job.

### B. Failure to Hire Claim under Title VII

In order to state a *prima facie* claim for failure to hire under Title VII, a plaintiff must show that: "(1) he was a member of a protected class; (2) he applied and was qualified for a position for which the employer was accepting applications; (3) despite

his qualifications, he was not hired; and (4) the position remained open or was filled by another person outside of his protected class." E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1273 (11th Cir. 2002).

Plaintiff alleges in the Complaint the Defendants hired another individual without any relevant experience or qualifications for the wastewater plan apprentice position, but Plaintiff has not alleged the gender of the person who was actually hired for the wastewater apprentice position. In the Complaint Plaintiff alleges he was not hired for the wastewater treatment plant apprentice positions because he is male. Accordingly, in amending his Complaint, Plaintiff should identify the gender of the person who was hired for the apprentice position instead of Plaintiff.

### C.    Individual Defendants

Plaintiff has named five private individuals as defendants in his Complaint: Steve Middleton, Kenneth W. Wainwright, Rafael A. Giro, Kevin Lee Clarke, and Kimberly M. Czaplewski. The Eleventh Circuit has specifically held that "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company." Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006). Similarly, a plaintiff cannot maintain a suit under the ADA against a person in his or her individual capacity, but instead must maintain such a suit against the plaintiff's employer. Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir.1996)("We hold that the [Americans with] Disabilities Act does not provide for individual liability, only employer liability."). Individual employees like Defendants Steve Middleton, Kenneth W. Wainwright, Rafael A. Giro, Kevin Lee Clarke, and Kimberly M. Czaplewski simply

cannot be held liable for violating either Title VII or the ADA even if their actions as alleged in the Complaint would constitute violations of either Title VII or the ADA. Accordingly, Plaintiff should not include in his amended complaint any claims for violations of either the ADA or Title VII against individual Defendants.

### III.  CONCLUSION

If Plaintiff wants to proceed with this case he must file an amended complaint to include further factual details as discussed in this Order.  To amend his complaint, Plaintiff must fill out the Title VII form, marking it "First Amended Complaint."  Plaintiff is advised the amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original Complaint.

Accordingly, it is **ORDERED** that:

1. The Clerk is directed to send Plaintiff a blank Title VII form and instructions.

2. Plaintiff shall fully complete the Title VII complaint form.  In amending his Complaint, Plaintiff shall not refer back to the original Complaint or incorporate any part of the original Complaint by reference.  Plaintiff shall file the First Amended Complaint, along with a service copy for each Defendant, by **May 25, 2012.**

3. Leave to proceed *in forma pauperis* is hereby **GRANTED**.

4. Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute or for failure to state a claim.

**DONE AND ORDERED** this 10th day of May, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case No: 1:12-cv-94-MP-GRJ